So we'll hear argument first this morning in United States v. Francois, 23752. Mr. McGuire. Good morning. James McGuire for Daniel Francois. It makes sense to begin by making clear this is a case that is not simply about an evidentiary call made by a district court in the course of sentencing. This is an appeal that concerns the question of where are the fundamental guardrails of due process? What is that line that due process says cannot be crossed? The reason I emphasize this at the outset is I think this is a case where there's actually pretty significant differences between the parties about the basic framework of this case, first with respect to the standard of review, second with respect to the basic question of what is corroboration? And finally, with respect to the good cause requirement set out in Fatico. So beginning with the question of what is this court's standard of review, the government has suggested this is a case where the court should simply defer to what the district court has done. The Supreme Court's instruction in the practice of this court have been to the contrary and for very good reason. The instruction from the Supreme Court in Lilly, particularly based on its reasoning in Ornelas, is that faced with even a factually specific question of how do particular facts relate to an underlying constitutional question, the court applies de novo review and the reasons for that include that situations like this are given definition that the constitutional contours are only determined in the context of particular cases. And absent de novo review from this court, there's a risk of divergence across cases. There's a risk . . . What exactly . . . what is the error that you want us to identify as error here? Certainly. So the fundamental error is that the district court incorrectly determined that for purposes of Fatico, there was corroboration of the unidentified hearsay testimony, that the requirement of due process identified in Fatico is that, to back up a little bit, that Fatico holds that sometimes hearsay evidence can come in at sentencing consistent with due process. But importantly, generally, in sentencing, the district court has very wide latitude. It's not controversial that . . . In this case, one relating to the district court's decision to find the hearsay statement of the informant corroborated? That's correct. Ultimately . . . So it's about whether or not the corroboration to which the district court pointed was enough? That's correct. Okay. And the reason for that focus is, again, that, as outlined in Fatico and outlined in this Court's decisions, hearsay evidence, particularly anonymous hearsay evidence, is significantly disfavored. While generally the Court has latitude to consider a range of forms of evidence and a range of information at sentencing, hearsay, particularly anonymous hearsay evidence, has been singled out as a form of evidence that is highly suspect and can only be relied upon by the district court when there are additional safeguards that have been demonstrated. As always, the government bears the burden of showing any enhancement applies. And so the question is, is there here that sufficient additional evidence that shows that the . . . sufficient in addition to the evidence of the surveillance? Certainly. So the . . . If the Court's referring to the . . . There were two undercover meets. There was an initial meet that was a . . . purely a drug sale to the person who is the unidentified hearsay declarant, and then subsequently a purchase of . . . an exchange of drugs and guns. And I think significantly the two occurrences look very similar. What the hearsay declarant said was she did, in fairness, describe, frankly, not the physical person who was Mr. Francois. She physically described a very different person. She named a different person. She did identify a vehicle. She did identify a means of backing into her driveway. Now, those descriptions were perfectly consistent with the behavior demonstrated by Mr. Francois in the context of purely a drug sale. The concern here is not that the declarant had absolutely no information that they provided that was consistent with any of the evidence. That's not the question. If that were the standard, I think the decision . . . the outcome in Fell would be very different. And I think the outcome in Scott would have been very different. If all that were required was that the declarant say something that was corroborated, those decisions would have come out the other way. It is not sufficient for this purpose. It may be for . . . for example, getting a warrant, it may be sufficient to say that a declarant has been shown to be reliable in some other way. What this Court has required in prior decisions, very appropriately, is that the specific disputed information, that which provides the necessary basis for the enhancement, is corroborated. Specifically, that information, that claim, is that the hearsay declarant previously sold firearms to Mr. Francois. It is not generally that they had a relationship. It is not generally that they had a relationship that included the sale of drugs, because those facts do not support the specific enhancement that is at issue here. Doesn't this go back to the standard of review then? I mean, I think the government's argument is that this is essentially an evidentiary ruling. And, you know, looking at Fell and Scott, I didn't see those speaking to the issue of the standard of review. And I didn't see DeNovo in there, but maybe you can direct me to a place where I missed it. So if it's essentially an evidentiary ruling then, why isn't the standard of review at the discretion where, you know, you weigh these things in the district court, you know, as judgment is deferred to? Certainly. So first, with respect to Fell and Scott, these are summary orders. They are cases where I think we don't necessarily expect to see quite as much elaboration. However, I do think that it is very clear that neither of these courts deferred in any way to the decision of the district court below. Very clearly what they said was the district court's analysis here was incorrect. I think there's— That's fair. They just seem silent to me on the issue. I think that's fair to say. I also think that that approach is very much consistent with what the Supreme Court has The reason it's not just simply an evidentiary ruling is this isn't, for example, a question of what did the declarant say. It's not a factual question of what was seen in the video. They're actually, I think, not really evidentiary factual issues. The question is whether the facts that exist satisfy the standards set out in Fatico, which is that there's corroboration, and as this Court has subsequently applying that standard set, needs to be corroboration of actually what the hearsay declarant says. And I think the reason for that is that you can't rely on a hearsay declarant because there's no way to test that person's reliability. You can't say the district court found this person credible. If that were the scenario, we would, of course, be in an evidentiary circumstance where the district court, using its ability to observe an in-court witness, would be in a position to be better positioned than this Court to determine whether that witness was credible. Here, that just isn't the case. There is no in-court witness, and I think importantly as well, while there's no requirement that or no specific focus on whether the declarant is generally credible, here there are really good reasons to be concerned that they were not, that there is a history of both duplicitous statements, a history of, at best, incorrect statements that form the broad background of this. And so it is not even a case where a hearsay would be sufficient for a warrant, where you say, look, this person's provided us reliable information in the past that has led to arrests. Here, you couldn't even say that. Is there a Second Circuit or binding precedent, a Second Circuit case or binding precedent that tells us that we should review this particular issue de novo? I mean, I, you know, Judge Park is right that in the ordinary course, we review evidentiary rulings and the reasonableness of a sentence when you're attacking the procedural reasonableness here for abuse of discretion. Why doesn't that apply here? And if it does apply, can you prevail? So, so again, I'm not aware of a, of a published decision specifically outlining that. I do think that this court has, and you know, I would point the court to the recent published decision in United States v. Alexander, 888 F 3rd 628, where pointing again to Ornelas, this court has said generally that mixed questions of law and fact, that is, whether the admitted or established facts satisfy the relevant statutory or constitutional standard, are subject to de novo review. That is a general principle, I think it's a fairly uncontroversial general principle, and it's what we have here. It's the question of does the, does this set of circumstances satisfy what FATICO has identified as a requirement of due process, that is, that there be corroboration. The approach in Fell, the approach in Scott are consistent with that. Turning very briefly to the court's other questions with respect to could we prevail on an abuse of discretion, obviously that is a more difficult standard for us, but I think even here, the underlying concerns about relying on hearsay evidence, particularly where that hearsay evidence is from a declarant who shows significant signs of being inherently unreliable, and where there isn't corroboration, I think that is an abuse of discretion. Thank you. You've reserved two minutes for rebuttal, Mr. McGuire, so we'll hear from the government. Ms. Gonzalez.  May it please the court. My name is Pilar Gonzalez, and I represent the government in this matter. This court should affirm the district court's amended judgment because the sentence was both procedurally and substantively reasonable. With respect to the FATICO hearing, the district court properly relied on the sworn statement of the informant. The court considered all of the evidence before it, the informant's sworn statement, the video of the guns for drugs transaction, and the arguments of the parties, and correctly concluded that the two sentencing enhancements should apply. And because this ruling was evidentiary in nature, this court should review the district court's reliance on that statement for abuse of discretion. With respect to the corroboration element of this claim, the district court determined that sufficient evidence corroborated the informant's sworn statement, particularly with respect to the way that the defendant- Can I ask you about the standard of view as well? Is there any authority that you can point us to where abuse of discretion in the context of a sufficiency inquiry in a FATICO hearing is the right standard? Your Honor, I point the court in general to the evidentiary standard which is set forth in Kumo Tires and its progeny. And I note that in other contexts- That's a little bit different, right? It is different, Your Honor. So in the context of a FATICO hearing, I guess, is the question. Is there no authority and you're just analogizing to kind of general evidentiary rulings? I am analogizing, Your Honor, to general evidentiary rulings in this context. Well, when we review evidentiary decisions that arise from FATICO hearings, what is our ordinary standard of review? Abuse of discretion, Your Honor. And that's because there's usually a factual dispute between two parties, the defendant and the government, relating to what the applicable guidelines is, for example, right? That is correct. And that's what happened here. And part of that dispute involved, as I understand it, but you correct me if I'm wrong, whether the informant was sufficiently credible. One way to assess that is to see if there's corroboration of that informant's out-of-court sworn testimony. Is that right? Yes, Your Honor. Is there any reason that that wouldn't be subject to the same standard of review that we apply to other FATICO hearing issues? I don't believe so, Your Honor. I think that is the appropriate standard of review here. And in fact, the court considered the corroboration that existed between the informant's statement and what was actually seen both in the video that was offered at the hearing, which was the video of the ultimate guns for drugs transaction, as well as some of the specific details that the informant told police in her sworn statement. It's not even clear to me how that could be subject to de novo review, since it involves a district court judge making assessments about very particular facts, right? That's correct, Your Honor. And here, even though there were certain facts, certain things that the informant said that later proved not to be true, as Attorney McGuire has pointed out, the district court had all of those facts before it when she made that decision. She weighed the certain issues that arose, especially with the first parts of the informant's statement, against this corroboration, which she correctly found was sufficient. And that centered around these very particular movements that the defendant made when he arrived at the informant's house, the fact that she described his vehicle, the fact that she described the manner in which the transactions would occur, and also the fact that the earlier May 15th interaction, which was observed by police, went exactly the way that the informant said that it would. And so the court considered all of the evidence that it had before it, including the evidence that called into question certain elements of the informant's statement, correctly weighed those against the sufficient corroboration that it observed, and decided to credit that testimony. And that decision should be reviewed for abuse of discretion, because it is a traditional evidentiary decision that district courts are entrusted to make every day. And to respond to Attorney McGuire's point about what this court has done in cases like Wagner, which essentially is in the context of... Let me just back up a little bit. Was there even really a dispute about whether the corroboration that is the second meet and so on was insufficient or sufficient? No, Your Honor. The dispute really surrounded the inference or the leap that the district court judge took in saying these things happened the way the informant said they were going to happen. And so I believe that the other things that the informant said happened here, the three prior gun for drug transactions, also happened that way. And that is consistent with what this court has applied in cases like Wagner in the context of a probable cause determination, and just earlier this week in a summary order in Delgado in the context of a Franks versus Delaware challenge. And that principle essentially is that if a substantial amount of information from an informant is shown to be reliable because of independent corroboration, like here, then it is a permissible inference that the informant is reliable, and that other information, even if it's not corroborated, is also reliable. That's a principle that the court can apply here. It's a principle that's based in common sense and logic in the way that anyone assesses anyone's credibility. There is no difference between whether it is reviewing a standard of probable cause or preponderance of the evidence. And the district court did just that. So the dispute was that second step, that second reliability step. That's correct. That's correct. And the district court here did just what this court instructed was permissible in Wagner, and again in Delgado, which was to say there are substantial portions of what this person said that are corroborated, and therefore it is fair to say that other uncorroborated elements of that statement are reliable. With respect to the good cause challenge, I note briefly that the district court was not called upon to make a good cause determination in this case because the issue of the informant testifying was never raised. In other words, there wasn't a challenge at the hearing that required the district court to determine whether or not this person should testify. The defendant did not object to the informant's statement coming in in that fashion, and therefore the court simply was not called upon to make that determination. In any event, good cause did exist for the court to rely on that statement without the live testimony of the informant for reasons that are obvious, that attach to any time that an informant is called to be publicly identified. This case didn't present anything out of the ordinary in that sense, and there was not good cause, and there was no need for the informant to testify and to be publicly disclosed in that fashion. Briefly, Your Honor, with respect to the defendant's second claim, the substantive reasonableness of the sentence, I'm happy to answer any additional questions on that, but I will say briefly the following. With respect to the length of the sentence, the court carefully considered the sentencing factors, particularly the nature of the offense, the defendant's long and serious criminal history, particularly the fact that he was serving a period of special parole at the time this incident occurred, and the need for protection of the public from the defendant from future crimes. Considering all of those factors, a sentence within the advisory guidelines range of 65 months was reasonable and appropriate under the circumstances. Your Honors, the government requests that the court affirm the district court's amended judgment. The sentence was procedurally reasonable because the district court properly relied on a corroborated sworn statement of an informant. Moreover, the sentence, which fell squarely within the advisory guidelines range, was substantively reasonable because it reflected the seriousness of the offense, the need to deter the defendant from future criminal conduct, and the importance of protecting the public. Thank you. Thank you. Ms. McGuire. Thank you. To begin, I think there was a question as to whether there was a challenge below to the question of whether there was this initial corroboration. There absolutely was. I point the court to Joint Appendix, page 202, specifically in which counsel said there is no corroboration here. This isn't simply a situation where the court is balancing the weight of the evidence. There's an important threshold question as to whether the court can even consider this statement from the CI. And it goes on. So I do want to make that clear. I also think that it's helpful to respond to the notion that what is at issue is credibility because that is not the case. This is absolutely not a case in which the district court was in the position of weighing witnesses' credibility because there was no witness. That is the fundamental distinction that makes this form of evidence suspect. It is the fundamental reason why this is not an evidentiary question. You can't say the declarant was credible. The declarant wasn't there in court. So what this court has required, especially noting, and again to quote Fatico, the reliability of evidence that is difficult to challenge must be ensured through cross-examination or otherwise by demanding certain guarantees of reliability. Because a cross-examination is impossible with respect to an out-of-court declarant, those basic guarantees, the basic precepts of the adversarial system don't exist. And so the court in Fatico has required more. And what this court has required and should require here is that there be specific corroboration of the claim that the out-of-court declarant has made that is the basis of the court's finding. That is fundamentally absent here. I will note, finally and very briefly, we have- Let me just understand your argument. If there were an informant who said various things in her statement, her sworn statement, out-of-court, hearsay statement, and it was A, B, C, and D, and D was about the crime that is at issue in the Fatico hearing and about facts. And the informant has corroborated fully on A, B, and C. Why isn't- So you're saying that the informant statement also needs to be specifically corroborated as to D. That is correct. And I think- And it could be the same thing if we went from A to X. The informant would have to be specifically corroborated as to X, even though she's corroborated as to A up to X. That is correct. And the government, to be clear, has the ability to choose how it presents evidence. The government can call witnesses. The government could have chosen to put on a live witness in this case. Where the government chooses to do differently, that is where, in this unusual circumstance- And again, I won't get into the good cause requirement, but I think it exists because this is highly disfavored evidence. If the government is going to choose to take this highly disfavored approach, it needs to have some corroboration of the specific thing it is claiming because the court cannot decide this wit- Wait, it's not a witness. This declarant is generally credible. Thank you very much. We'll reserve the decision.